■ 1809 REALTY COMPANY, Appellant, v JACQUELINE NICHO-LAS, Respondent, and URSULA GREENE, Intervenor.—In a summary proceeding to recover possession of a certain apartment, and to recover rent arrears, the plaintiff landlord appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated February 11, 1987, which affirmed an order of the Civil Court of the City of New York, Kings County (Diamond, J.), dated December 24, 1984, directing the plaintiff to restore the defendant to possession of an apartment by January 10, 1985, subject to a penalty of $20 per hour for every hour the plaintiff failed to comply with the order.

Ordered that the order of the Appellate Term is modified, on the law, by deleting the provision thereof which affirmed so much of the order of the Civil Court as imposed a penalty upon the plaintiff of $20 per hour and substituting therefor a provision reversing so much of the order of the Civil Court as imposed a penalty upon the plaintiff of $20 per hour; as so modified, the order of the Appellate Term is affirmed, without costs or disbursements.

After a hearing following the defendant tenant's default in appearing for trial in a summary proceeding resulting in her eviction, the Civil Court opened the default upon its finding that the tenant's failure to appear was excusable and further ordered that the tenant be restored to possession of the subject apartment and that the plaintiff landlord be required to pay a fine of "$20 per hour for every hour beyond that during which [the landlord] fails" to restore the tenant to possession.

We agree with the landlord that the Civil Court erred in imposing the penalty on it. The Civil Court cited no authority

or basis for the imposition of this prospective, open-ended fine, and, indeed, no authority, statutory, or otherwise, exists for the imposition of such a penalty. The imposition of the penalty was therefore erroneous.

We find, however, no basis to disturb so much of the Appellate Term's order as affirmed the vacatur of the default judgment against the tenant and the direction that she be restored to possession of the apartment. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.